

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| CCC: APW | *610 Federal Plaza* |
| F.#2021R00258 | *Central Islip, New York 11722* |

September 15, 2022

<u>By ECF and email</u>

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
Central Islip, New York 11722

   Re: <u>United States v. Kavaughn Wiggins</u>
     <u>Criminal Docket No. 21-452 (S-1)(JS)</u>

Dear Judge Seybert:

  The government respectfully submits this letter in opposition to the defendant's request to compel production of audio and video recordings made in early 2020 ("the Recordings") that captured the defendant selling narcotics to a cooperating witness. For the reasons set forth below, the defendant's request should be denied.

STATEMENT OF FACTS

  On September 29, 2021, a grand jury sitting in the Eastern District of New York returned a two-count indictment charging the defendant and others with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(2), and use of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c). <u>See</u> ECF No. 1. During the course of the investigation, the government used a cooperating witness ("CW") who, on three separate occasions, purchased narcotics from the defendant while acting at the direction of law enforcement officers. These purchased resulted in the Recordings described above. The defendant was arrested on the instant indictment on October 27, 2021 and has remained in custody since that date.

  Since he has been in custody on this case the defendant has demonstrated that he will threaten and intimidate individuals he believes are cooperating with the government. Specifically, the defendant's former counsel, Robert LaRusso, Esq., provided the defendant

with counsel's written analysis of the government's case, including naming individuals whom counsel believed may be cooperating witnesses.1  The defendant immediately distributed this written analysis to his family members, who then posted the list - including the names of the perceived cooperators - on social media.   The reason this was done was obvious: to threaten the perceived cooperators and to alert other criminals that the named people may be cooperators.

Because production of the audio, video or transcript from the three controlled purchases would reveal the identity of the CW and pose a danger to the CW and the CW's family, the government did not produce the recordings to the defendant.  Instead, the government invited defense counsel, Anthony LaPinta, Esq., to come to the U.S. Attorney's Office where it agreed to play the Recordings for defense counsel.   Defense counsel, accepted the government's invitation, viewed the Recordings, and asked the undersigned A.U.S.A. questions about the Recordings.2   Additionally, the government informed defense counsel that he could return to the U.S. Attorney's Office at any point in the future to review the Recordings again for as long as he wished.  That offer stands.  Moreover, the government informed defense counsel that it intended to produce the Recordings 30 days prior to the start of trial.  The government explained to defense counsel that the CW is still functioning as an informant and is still engaged in pro-active work on behalf of law enforcement.

ARGUMENT

Because there is good cause to delay production of the audio, video and transcript of the Recordings, and because defense counsel has already reviewed the recording and will receive a copy of the recording 30 days before trial, the defendant's present request should be denied in its entirety.

I.      Applicable Legal Standard

Federal Rule of Criminal Procedure 16 principally governs discovery in criminal cases.   Id.; see also United States v. Smith, 985 F.Supp. 2d 506, 521 (S.D.N.Y. 2013). Rule 16(a)(1)(B)(i) requires the government to produce any relevant recorded statement of the defendant that is in its possession.  Id. ("the government must disclose to the defendant, and make available for inspection, copying, or photographing . . . any relevant written or recorded statement by the defendant.").   Likewise, Rule 16 obligates the government to produce any evidence that it intends to introduce at trial.  Id. F.R.C.P. 16(a)(1)(E)(ii) ("the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the

---

1 The government makes no representation on whether former counsel's analysis was correct.

2 The government also played the audio and video for the defendant's previous counsel, Robert LaRusso, Esq.

2

government intends to use the item in its case-in-chief at trial.").

The district court, however, has the discretion to delay, deny or restrict discovery where good cause exists. F.R.C.P. 16(d)(1). The burden of demonstrating good cause is on the government. United States v. Cordova, 806 F.3d 1085, 1090 (D.C. Cir. 2015); United States v. Yassine, 574 Fed. Appx. 455, 461 (5th Cir. 2014). "Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" Smith, 985 F.Supp. 2d at 523 quoting In re Terrorist Attacks on September 11, 2001, 454 F.Supp. 2d 220, 222 (S.D.N.Y. 2006). The nature of that showing depends on how broad the request to delay or restrict discovery is. Id. District courts "'should take care to ensure that the protection afforded to [discovery] information is no broader than is necessary to accomplish the [proffered] goals' of the protective order." Id. quoting United States v. Lindh, 198 F.Supp. 2d 739, 741-42 (E.D. Va. 2002).

Good cause exists where, as here, production of the discovery would reveal the identity of a government witness and present a danger to that witness or pose a danger of perjury or witness intimidation. See Cordova, 806 F.3d at 1090; United States v. Smith, 2009 U.S. Dist. LEXIS 40563, at *4 (W.D.N.Y. May 13, 2009) (denying motion to compel production of a recording of defendant selling narcotics to an informant in order to protect the identity of the informant where defense counsel viewed the recording at the U.S. Attorney's Office); see also United States v. Ciambrone, 601 F.2d 616, 626 (2d Cir. 1979); United States v. Tucker, 380 F.2d 206, 213 (2d. Cir. 1967); United States v. Nava-Salazar, 30 F.3d 788 (7th Cir. 1994) (delay in providing discovery was justified to preserve integrity of an investigation and to ensure the safety of informants). This is because there is a "strong public interest in encouraging the free flow of information to law enforcement officers." Id.

II. Discussion

Here, there is no dispute that the Recordings are within the government's possession, are likely to be exhibits at trial, constitute recorded statements of the defendant, and are therefore discoverable under Rule 16. However, there is good cause to limit disclosure of the Recordings to defense counsel and delay production of the Recordings until 30 days before trial. For that reason and the reasons set forth below, the defendant's request should be denied.

The defendant has a significant criminal history and, indeed, has already attempted to intimidate individuals that he believed were cooperating with the government in this case. As such, there is a genuine risk that early disclosure of the CW's identity would threaten the CW and the CW's family's safety. The CW and the CW's family face the generalized and legitimate risk of retaliation and intimidation that every cooperating witness faces. However, that risk is particularly acute here, as the defendant has already attempted to intimidate people he believed were government witnesses.

Furthermore, the defendant faces substantial criminal penalties if convicted.

3

Because the defendant faces a statutory mandatory minimum term of imprisonment of fifteen years, a maximum of life, and a Guidelines range of imprisonment of 270 - 332 months, he has every incentive to prevent witnesses from testifying against him.  For this reason, when enacting the Jencks Act, Congress did not require the disclosure of the Section 3500 until after the witness testified.  And the Supreme Court has recognized that district courts should "be solicitous to protect against disclosure of the identity of informants" when construing the government's Rule 16 obligations.  See Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951); see also Smith, 2009 U.S. Dist. LEXIS 40563, at *4.  Accordingly, the risk that the defendant or someone acting at his direction will seek to intimidate, threaten or corruptly persuade the CW not to testify is a legitimate and sufficient reason to delay production of the March 2018 Recording.   .

In addition to risk that the defendant poses to the CW, disclosure of the CW's identity poses an unreasonable risk because the CW is currently cooperating against other dangerous individuals and is supposed to purchase firearms from those individuals in the future.  If those individuals learned that the CW was cooperating with the government and was available to testify against him, they would have an incentive to threaten, intimidate or corruptly persuade the CW to not testify.

Moreover, the government has narrowly tailored its request to protect its cooperating witness.  Indeed, the government has not prevented defense counsel from viewing the Recordings.  Quite to the contrary, it played the Recordings for defense counsel and offered to replay the recording if counsel needed to review it again.  Moreover, it is not as if the government has refused to ever produce the Recordings.  Instead, as set forth above, the government agreed to produce the recording 30 days before trial, which is more than sufficient time to prepare a defense.

Furthermore, a request to produce a redacted portion of the Recordings, or a transcript of the Recordings, is not a viable alternative.  Even if the CW's face were hidden in the video, the defendant would still be able to discern the identity of the CW by the sound of the CW's voice and the surrounding circumstances of the sale.  Similarly, with respect to producing the audio recording, the defendant will recognize the CW's voice and therefore will know the CW's identity.  Producing a transcript of the recorded meeting poses the same issue.  The government believes that the defendant will be able to readily identify who the CW is based on the subject matter discussed during the meetings.  Therefore, the Court should deny these requests. 3

In sum, the government's approach appropriately balances its (and the CW's)

---

3 The government is willing to produce to the defendant limited still photographs from some of the controlled buys.  These stills photographs would show the defendant's face and nothing more, so as to not to divulge the identity of the CW.

compelling interest in protecting the safety of the CW and the CW's family while also ensuring that the defendant has sufficient time and opportunity to prepare for trial. Accordingly, the Court should deny the motion.

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied in its entirety.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By: _____/s/_____
Andrew P. Wenzel
Assistant U.S. Attorney
(631) 715-7832

Encl.
cc:   Clerk of the Court (by hand and ECF)
      Anthony LaPinta, Esq. (by email and ECF)

5